UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM FIRE &
CASUALTY COMPANY,

      Plaintiff,

  v.

MARC MARTIN, KEITH ALFORD,
and the ESTATE OF VELMA
MARTIN,

      Defendants.
_____/

Case No. 20-11875

Hon. George Caram Steeh

ORDER DENYING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT (ECF NO. 39), GRANTING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
(ECF NO. 43), AND DISMISSING COUNTERCLAIM

Defendants Marc Martin and the Estate of Velma Martin seek summary judgment on Plaintiff's claims against them as well as on their counterclaim. Plaintiff State Farm Fire & Casualty Company moves for partial summary judgment on Defendants' counterclaim. For the reasons explained below, Defendants' motion is denied and Plaintiff's motion is granted.

BACKGROUND FACTS

State Farm Fire and Casualty Company ("State Farm") filed this action against Defendants Marc Martin ("Martin"), the Estate of Velma

-1-

Martin ("Velma Martin"), and Keith Alford, seeking a declaratory judgment that they are not entitled to recover under two insurance policies.[1] State Farm insured a home on Mansfield Street in Detroit, Michigan, which was owned by Velma Martin, managed by Marc Martin, and occupied by Alford and his family. The home was damaged by a fire on July 30, 2019, which State Farm alleges was intentionally set by or with the knowledge of Defendants, for the purpose of submitting fraudulent insurance claims. This is one of three lawsuits filed by State Farm against Martin and others, alleging that they engaged in a conspiracy to file false insurance claims and defraud the company. *See* Case Nos. 20-11873, 20-11874.

Martin purchased the Mansfield property from Alford in 2017 for $9,000. After the sale, Alford continued to occupy the property as a tenant with his girlfriend and three young adult children. The house was accessed through a keypad; Martin, Alford, and Alford's family knew the code. According to a lease that was effective from July 1, 2018, to July 1, 2019, Alford paid $600 per month in rent to Martin.

On May 8, 2019, Martin deeded the Mansfield property to his mother, Velma Martin. He testified that he placed the property in her name so that she could refinance it for extra income. However, they were unable to

---

[1] Alford has not responded to the complaint and is in default. ECF No. 20.

refinance immediately because she had not owned the property for the required length of time. Martin switched his State Farm policy into his mother's name, but she did not need to pay the premium because he had a credit. A new lease was executed between Velma Martin and Alford on May 15, 2019. When asked about the Mansfield property in her deposition, Velma Martin could not recall when she purchased it, how much she paid, or from whom she bought it. ECF No. 42-3 at PageID 486. She said that "Marc took care of all that," including finding a tenant for the property and collecting the rent. *Id.* at PageID 486-87. She stated that she did not have a key and did not know who did. She testified that Martin collected about $1,000 per month in rent and gave her $500 or $600. Despite Velma Martin's name on the deed, Martin subsequently identified the Mansfield house as one that he owned. ECF No. 42-8.

    The Mansfield house sustained fire on July 30, 2019, which was reported at around 6:30 a.m. Firefighters had to force entry to access the home and found the fire contained to the kitchen. One of State Farm's investigators, Michael Waite, is of the opinion that the fire originated "along the west wall of the kitchen near the stairway leading to the basement." ECF No. 42-17. He opined that the fire is of "undetermined cause but most probably the result of human intervention." *Id.* Electrical engineer Thomas

Pawlyn found no evidence of an electrical failure that would explain the fire, although he could not rule out the coffee maker due to the fire damage to that appliance. ECF No. 42-18.

On the evening before the fire, Alford made hamburgers and fries for himself and his girlfriend. He finished cooking around 5:45 or 6 p.m. and is certain that he turned off the stove. He testified that he surprised his girlfriend with a hotel stay at the Hilltop Hotel in Detroit, so they left the house around 8 p.m. Alford testified that he locked his doors and secured the windows before leaving. His children were staying with friends or family members that night. Alford stated that he learned of the fire the next morning, when he returned from the hotel to find fire damage.

A forensic download of Alford's phone shows that he and Martin texted the day before the fire, with the following texts from Martin to Alford: "anything yet?", "what you end up doing?", and "u can now." ECF No. 42-22 at PageID 761. There were no texts the day of the fire, but some texts on August 1, 2019. None these texts before or after the fire on Alford's phone were also on Martin's phone, suggesting that they were deleted from Martin's device.

After the fire, Velma Martin submitted a proof of loss to State Farm in the amount of $146,484.44. Around that time, both Velma and Marc Martin

-4-

had financial difficulties. Velma Martin's checking account was continually overdrawn in July 2019, and Marc Martin identified monthly expenses well in excess of his monthly income. The property taxes were not current on the Mansfield property.

State Farm received claims for two other fires that occurred in July 2019 that had a connection to Marc Martin and other similarities. One of those fires occurred on Freeland Street in Detroit on July 10, 2019. Martin deeded the property to the mother of one of his children, Shaleta Beasley, shortly before the fire. The tenant, who is his cousin, was at a hotel in town the night of the fire. The cause of the fire was "undetermined."

Another fire was reported at 13226 Mark Twain in Detroit on July 24, 2019. Martin deeded the home to his friend Erika Williams in November 2018 for $1, but continued to act as property manager. The night of the fire, Williams was staying in a hotel and there was no food or bed in the home. Texts between Williams and Martin around the time of the fire were deleted from Williams' phone. The fire was determined to have been intentionally set.

## LAW AND ANALYSIS

I. <u>Standard of Review</u>

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Dist. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In response to a properly supported motion for summary judgment, the opposing party must come forward with specific evidence showing there is a genuine issue of fact for trial. A "mere scintilla" of evidence is insufficient to meet this burden; the evidence must be such that a reasonable jury could find in favor of the nonmoving party. *Anderson*, 477 U.S. at 252.

## II.     Marc Martin and the Estate's Motion for Summary Judgment

Marc Martin and the Estate of Velma Martin move for summary judgment on State Farm's declaratory judgment claims as well as on their countercomplaint seeking coverage. In its complaint, State Farm seeks a declaration that it is not obligated to pay policy proceeds to Defendants for the July 30, 2019 fire based upon the intentional acts (arson) and/or fraud exclusions. Velma Martin's rental dwelling insurance policy with State Farm contains an exclusion for intentional acts: "If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss." ECF No. 42-2 at PageID 474. In addition, "[t]his policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss." *Id.* at PageID 459. State Farm asserts that as the "real estate manager," Marc Martin is an insured by definition under the policy.

"Where an arson defense is raised by an insurer, the burden is on the insurer to prove by a preponderance of the evidence that the plaintiff set fire to the building or caused it to be set on fire." *George v. Travelers*

*Indem. Co.*, 81 Mich. App. 106, 112 (1978). Arson may be proven by circumstantial evidence. *Id.* "Where there is independent evidence of the incendiary origins of a fire, Michigan courts have affirmed arson convictions based on circumstantial evidence of motive (such as insurance coupled with business difficulties) plus opportunity (such as access to the building)." *Id.* Although motive and opportunity are factors to be considered, they are not mandatory. *Johnson v. Auto-Owners Ins. Grp.*, 202 Mich. App. 525, 527 (1993) ("[T]he dispositive determination is whether the [insured] set the fire or caused it to be set.").

The policy provides that if the insured conceals or misrepresents a material fact, the policy is void. "Where an insurance policy provides that an insured's concealment, misrepresentation, fraud, or false swearing voids the policy, the insured must have actually intended to defraud the insurer." *West v. Farm Bureau Mut. Ins. Co. of Michigan*, 402 Mich. 67, 69 (1977). The insured's intent is generally a question for the jury. *Id.*

In their motion for summary judgment, Defendants argue that State Farm has not conclusively established that the fire was intentionally set. However, State Farm is not precluded from establishing arson when the cause of the fire is undetermined. In *Transportation Ins. Co. v. Detroit Edison Co.*, 2003 WL 22956418, at *1 (Mich. App. Dec. 16, 2003), the

Michigan Court of Appeals found that the jury could have concluded that a fire was intentionally set based upon expert testimony that the cause of the fire was undetermined, coupled with circumstantial evidence raising "red flags," "including orders to move flammable materials, stolen equipment, unsecured areas, an open door, recently increased insurance coverage, missing business records, lack of cooperation with the fire investigation, significant business debt, and dwindling company profits." *Id.*

There is circumstantial evidence that Defendants had the motive and opportunity to commit arson and/or intentionally concealed or misrepresented facts related to the loss. Shortly before the fire, Martin deeded the property to his mother and placed the insurance in her name. However, Martin continued to manage the property and Velma Martin knew nothing about it, indicating that he continued to be the true owner. Both Martin and his mother had financial difficulties and were unable to refinance the property before the fire. State Farm's investigation indicates that the fire was not accidental. Alford and his girlfriend were staying at hotel in town the night before the fire, and the premises were secure, suggesting that only someone with access could have set it. Additionally, the similar circumstances surrounding the fire on Mansfield and other fires at

properties connected to Martin raise an inference that Martin was involved in setting or causing those fires to be set.[2]

Although Martin argues that the evidence demonstrates mere coincidences or is otherwise benign, the assessment of the evidence, along with the credibility of witnesses, is for the jury. *See Martell v. IDS Prop. Cas. Ins. Co.*, 2012 WL 71891, at *4 (E.D. Mich. Jan. 10, 2012) (fraud and arson defenses for the jury when evidence presented of insured's financial difficulties and arrangement of occupants and pets to be outside the home at time of fire).

Moreover, Martin does not dispute the facts as alleged and supported by State Farm in its response, but merely argues that State Farm lacks evidence of his involvement or wrongdoing. This conclusory argument does not satisfy his burden of demonstrating that there is no genuine issue of material fact for trial.

---

[2] Contrary to Martin's argument, these fires are admissible under Federal Rule of Civil Procedure 404(b) to show motive, opportunity, intent, plan, or absence of accident or mistake. They are also admissible under the doctrine of chances. "Under this theory, as the number of incidents of an out-of-the-ordinary event increases in relation to a particular defendant, the objective probability increases that the charged act and/or the prior occurrences were not the result of natural causes." *People v. Mardlin*, 487 Mich. 609, 616 (2010). The doctrine is often employed in arson cases: "Indeed, arguably the doctrine is epitomized in arson cases in which apparently accidental fires befall property linked to the defendant with uncommon frequency." *Id.* at 618-19.

Martin also argues in a perfunctory manner that State Farm lacks standing to bring suit against him.[3] Standing is a jurisdictional requirement: "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing is comprised of three elements: (1) an injury in fact; (2) fairly traceable to the actions of the defendant; (3) that is likely to be redressed by a favorable court decision. *Id.* at 560-61. In the declaratory judgment context, "[b]asically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). This standard is met here; Velma Martin submitted a claim that State Farm has not paid and Martin is an insured by definition (as "real estate manager") under Velma Martin's policy. State Farm alleges that Martin engaged in fraud or was involved in setting the fire, which would serve to void the policy in its entirety. There is a substantial controversy regarding whether Martin's

---

[3] The court issued an order to show cause, seeking additional briefing from the parties on this issue. ECF Nos. 48, 49, 50. Martin's response did not provide additional detail regarding his standing argument.

alleged fraud rendered the policy void and absolved State Farm of any obligation to pay the outstanding claim.

Martin does not address standing requirements in the context of a declaratory judgment action, but argues that State Farm cannot meet the causation requirement because it has not established the elements of fraud, that Martin injured State Farm, or that his conduct was unlawful. In this regard, Martin's argument conflates the requirements of standing with the merits of State Farm's action. As the Sixth Circuit has emphasized, "[t]here is a difference between failing to establish the elements of a cause of action and failing to show an Article III injury. One is a failure of proof. The other is a failure of jurisdiction. Yes, there can be overlap between the two inquiries. But they are not one and the same." *Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 462 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 1117 (2020). Defendants' standing argument addresses the merits rather than the court's jurisdiction and is unavailing.

For these reasons, the court will deny Defendants' motion for summary judgment.

III. State Farm's Motion for Partial Summary Judgment

State Farm seeks partial summary judgment on Velma Martin and Marc Martin's counterclaims, which are largely identical. The counterclaims

allege breach of contract and request a declaratory judgment in favor of coverage. Their requested damages include attorneys' fees as well as punitive and exemplary damages. State Farm argues that Defendants are not entitled to these categories of damages in a breach of contract action as a matter of law. Defendants concede that they are not entitled to punitive damages.

    A. Marc Martin

As a threshold matter, the court has questioned whether the parties had standing to bring this action and provided them with an opportunity to address the issue. ECF No. 48. In his supplemental brief, Martin does not argue that he has standing to asset his breach of contract claim. Rather, he "conditionally concedes dismissal of Count I for Breach of Contract, should this court find that Counter-Defendant State Farm did not have standing to bring an action against Mr. Martin." ECF No. 49. Martin has forfeited this issue by failing to address it. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

Moreover, although the evidence suggests that Martin may be the true owner of the Mansfield property, he was not the named insured and did not submit a claim to State Farm. He has not specifically identified a loss for which he is entitled to payment from State Farm, as the property "manager" or otherwise. In this regard, it is unclear how he has standing to pursue a breach of contract claim under Velma Martin's (or Keith Alford's) policy. It is Martin's burden to assert specific facts demonstrating that he has standing to pursue his claims. The elements of standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case." *Lujan*, 504 U.S. at 561. The court will dismiss Martin's breach of contract claim for lack of standing and need not address his entitlement to exemplary damages or attorney's fees with respect to that claim.

Martin argues that he is entitled to exemplary damages because State Farm defamed him by accusing him of arson. But Martin's countercomplaint does not present a defamation claim. Martin may not seek damages based upon a claim raised for the first time in opposition to a motion for summary judgment. Such an approach "subjects a defendant to 'unfair surprise,' because the defendant has no opportunity to investigate the claim during discovery." *Davis v. Echo Valley Condo. Ass'n*, 945 F.3d 483, 496 (6th Cir. 2019) (citation omitted). Because Martin's defamation

claim was not pleaded or asserted in timely fashion, the court declines to consider it.

With respect to his declaratory judgment claim, Martin alleges that "the Court will be called on to decide: a. Whether the Policy covers losses to the Property; b. Whether the Claim is a covered loss under the Policy; and c. Other determinations to be made by the Court." ECF No. 15. Again, Martin does not have standing to bring such a claim, given that he is not seeking to recover under the policy and has never identified an injury resulting from State Farm's failure to pay Velma Martin's or Alford's claims.[4] He has failed to identify an injury-in-fact traceable to State Farm's failure to provide coverage.[5] *See Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 555 (6th Cir. 2021) (a plaintiff seeking declaratory relief must "show actual present harm or a significant possibility of future harm"). Accordingly, the court will dismiss Martin's declaratory judgment claim.

Martin argues that the court should not dismiss his declaratory judgment claim because he has been injured by State Farm's lawsuit

---

[4] With respect to their declaratory judgment claims, Martin and State Farm's alleged injuries are different, requiring a different result in the standing analysis. State Farm is not injured because Martin is seeking to recover under the policy, but because he was allegedly involved in setting the fire or orchestrating a fraud upon the company.

[5] Martin's boilerplate request for "[o]ther determinations to be made by the Court" lacks sufficient factual content to state a claim.

against him and forced to incur attorney's fees. But a post-complaint claim for attorney's fees does not confer standing, which must be demonstrated at the time the complaint is filed. *See id.* ("[I]t is widely accepted that a plaintiff must establish standing at the time the lawsuit commences.").

Further, based upon the theory under which Martin is proceeding, a declaratory judgment counterclaim is not required to request attorney's fees. Martin argues that he is entitled to seek attorney's fees under Michigan Court Rule 2.625(A)(2), which provides "if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591," which defines costs to include attorney's fees. Although this Michigan court rule does not apply here, Rule 11 provides a similar avenue for relief for the filing of frivolous actions in federal court.

Federal courts sitting in diversity apply the forum state's substantive law and federal procedural law. "Federal courts are to apply state procedural rules in diversity cases only when the federal rules of procedure do not address the situation presented*." Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 137 (6th Cir. 1990) (citing *Hanna v. Plumer*, 380 U.S. 460, 470 (1965)). Frivolous filings in federal court are governed by Rule 11; accordingly, the Michigan statute and court rule are not applicable.

-16-

*See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 529 (6th Cir. 2002) (Ohio statute permitting attorney's fees for frivolous conduct conflicted with Rule 11 and did not apply in diversity case); *Lawley v. Siemons*, No. 11-12822, 2014 WL 172265, at *2 (E.D. Mich. Jan. 15, 2014) (declining to apply M.C.L. § 600.2591 because it "is procedural in nature").

As posited here, Martin's request for attorney's fees is not an independent cause of action and does not provide the basis for a counterclaim, but is grounds for a motion under Rule 11.[6] Accordingly, the court will dismiss Martin's counterclaim.

B. <u>Estate of Velma Martin</u>

As a named insured who submitted a proof of loss, and whose claim has not been paid, Velma Martin is in a different position with respect to standing than Marc Martin. She (and her estate) has clearly suffered an injury traceable to State Farm's actions. Accordingly, the court will address the merits of State Farm's motion for partial summary judgment with respect to her claims for exemplary damages and attorney's fees.

---

[6] Given that State Farm's claims are sufficiently supported by facts and law to survive summary judgment, such a motion is unlikely to be well taken.

In breach of contract actions, "exemplary damages are not recoverable absent allegation and proof of tortious conduct that is 'independent of the breach.'" *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 402, 729 N.W.2d 277, 286 (2006). Velma Martin's countercomplaint does not allege that State Farm engaged in tortious conduct; accordingly, the Estate may not recover exemplary damages.

As for attorneys' fees, they are generally not recoverable either as either costs or damages under the "American Rule." *Burnside v. State Farm Fire & Cas. Co.*, 208 Mich. App. 422, 427, 528 N.W.2d 749, 751 (1995). Attorneys' fees may only be recovered if "expressly authorized by statute, court rule, or a recognized exception." *Id.* In Michigan, no such exception applies to an action for a breach of contract or insurance policy. *Id.* at 430-31. Therefore, the Estate cannot recover attorneys' fees as damages for the breach of the insurance policy.

The Estate argues that it is entitled to attorneys' fees under Michigan Court Rule 2.625(A)(2), because State Farm's action is frivolous  As discussed above, this theory does not provide a basis for recovery under the counterclaim, but rather may provide the basis for a motion under Rule 11, should the Estate prevail and demonstrate that the action is frivolous. *See* Fed. R. Civ. P. 11.

To the extent that the Estate's countercomplaint requests attorneys' fees or exemplary damages, it cannot recover these categories of damages as a matter of law. Therefore, the court will grant State Farm's motion for partial summary judgment against the Estate of Velma Martin.

## ORDER

IT IS HEREBY ORDERED that State Farm's motion for partial summary judgment (ECF No. 43) is GRANTED, Defendants' motion for summary judgment (ECF No. 39) is DENIED, and Marc Martin's countercomplaint is DISMISSED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: September 26, 2022

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 26, 2022, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---